## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

| | |
|---|---|
| HANYU HAO<br>              Plaintiff,<br>      v.<br><br>ALEJANDRO MAYORKAS, U.S.<br>Secretary of Homeland Security; TRACY<br>RENAUD, Acting Director of U.S.<br>Citizenship and Immigration Services;<br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES, an agency of<br>the United States; MERRICK GARLAND,<br>U.S. Attorney General; CHRISTOPHER<br>WRAY, Director of Federal Bureau of<br>Investigations; FEDERAL BUREAU OF<br>INVESTIGATIONS; in their official<br>capacity,<br><br>              Defendants. | Case No.: 1:21-cv-701 |

### COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT

1.     Plaintiff Hanyu Hao respectfully submits this complaint to compel Defendants and those acting under them to take all appropriate action to adjudicate Plaintiff's application for change of status from F-2 to F-1 without further delay.

2.     Plaintiff properly filed an application for change of status with Defendant U.S. Citizenship and Immigration Services ("USCIS") on June 29, 2020. Plaintiff's application remains within the jurisdiction of Defendants, who have improperly withheld action on the application for an unreasonable period of time. If Plaintiff's application is further delayed he will lose his chance to apply for the lottery scholarship to cover the cost of his tuition and will lose his opportunity to enroll full time at the University of New Mexico for this school year.

### JURISDICTION AND VENUE

3.   This is a civil action brought pursuant to 28 U.S.C. § 1361 ("The district courts shall

1

have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). Jurisdiction is further conferred by 8 U.S.C. § 1329 (jurisdiction of the district courts) and 28 U.S.C. § 1331 (federal subject matter jurisdiction).

4.    Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) and 702, the Administrative Procedure Act ("APA"). The APA requires USCIS to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it." (Emphasis added). USCIS is subject to 5 U.S.C. § 555(b). *See Trudeau v. FTC*, 456 F.3d 178, 185 (D.C. Cir. 2006) (finding that the district court has jurisdiction under the APA, in conjunction with 28 U.S.C. § 1331, to review plaintiff's complaint for declaratory and injunctive relief against a federal agency). When the statute is silent as to an actual deadline to adjudicate an application or petition, the agency is subject to the general reasonableness requirements of the APA. *See Forest Guardians v. Babbitt*, 174 F.3d 1178, 1190 (10th Cir.1999).

5.    8 U.S.C. § 1252, does not deprive this Court of jurisdiction. 8 U.S.C. § 1252(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]" As the present action does not seek review of a removal order, but is simply an action to compel USCIS to adjudicate Plaintiff's unreasonably delayed application, this Court retains original mandamus jurisdiction under 28 U.S.C. § 1361.

6.    Furthermore, 8 U.S.C. § 1252(a)(2)(B) provides that no court shall have jurisdiction

to review  either (i) "any judgment regarding the granting of" various forms of relief from removal,  or (ii) "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified … to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]"  Because adjudication of a properly filed change of status application is neither a judgment regarding the granting of relief from removal nor a decision or action that is specified to be in the discretion of the Attorney  General or the Secretary  of Homeland Security, the Court retains original  mandamus jurisdiction over this claim.  *See Kim v. USCIS,* 551 F.Supp.2d 1258 (D. Colo. 2008); *Liu v. Novak*, 509 F. Supp. 2d 1, 5 (D.D.C. 2007) (holding that "the Court does have jurisdiction over plaintiff's APA claim that defendants have  unreasonably delayed adjudicating his application" for adjustment of status); *Villa v. U.S. Dep't of Homeland Sec.*, 607 F. Supp. 2d 359, 366 (N.D.N.Y. 2009) ("[T]he Defendant has the discretionary power to grant or deny applications, but it does not have  the discretion as to whether or not to decide at all."); *Aslam v. Mukasey*, 531 F. Supp. 2d  736, 739 (E.D. Va. 2008) ("[T]he Court retains jurisdiction under the APA to determine  whether the Secretary [of Homeland Security] has unlawfully delayed or withheld final  adjudication of a status adjustment application.").  Numerous federal district courts have ruled that adjudication of a  properly filed immigration application, including completion of all necessary background checks, is a purely ministerial, non-discretionary  act which the Government is under obligation to perform in a timely manner. *See, e.g.*, *Shahid Khan  v. Scharfen*, 2009  U.S. Dist. LEXIS 28948  (N.D. Cal. Apr. 6, 2009); *Nigmadzhanov v. Mueller*, 550 F. Supp. 2d 540 (S.D.N.Y. 2008); *Jones v. Gonzales,* Slip Copy, 2007 U.S. Dist. LEXIS 45012 (S.D. Fla. June 21, 2007) ("[N]o agency responsible for  resolving  matters of public interest should be free to let those matters pend in perpetuity; otherwise  would  be  to relieve

the agency of its Congressionally-mandated duty to the public.").

7.  Both the regulations and the Immigration and Nationality Act provide numerous examples of duties owed by USCIS in the immigration application process. 8 U.S.C. § 1103 provides that "[t]he Secretary of Homeland Security *shall* be charged with the administration and enforcement of this Act and all other laws relating to the immigration and naturalization of aliens[.]" (Emphasis added). The Code of Federal Regulations provides that "[i]f the application is granted, the applicant shall be notified of the decision and granted a new period of time to remain in the United States without the requirement of filing a separate application and paying a separate fee for an extension of stay." 8 C.F.R. § 248.3(f)(emphasis added). The regulations further provide that "When the application is denied, the applicant shall be notified of the decision and the reasons for the denial." 8 C.F.R. § 248.3(g)(emphasis added). The language of the statute and the above-cited regulations is mandatory, not discretionary, and the Defendants have a clear duty to adjudicate the change of status pending before them.

8.  As set forth below, the delay in processing Plaintiff's properly filed application for change of status is unreasonable and is causing harm to Plaintiff.

9.  Venue is proper in New Mexico pursuant to 28 U.S.C. §1391(e)(1)(C). Plaintiff sues the Defendants in their official capacities as officers and employees of the United States. Plaintiff resides within this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. No exhaustion requirement applies to Plaintiff's complaint for a Writ of Mandamus. Plaintiff is owed a duty – the adjudication of the properly filed application to adjust status, which has been duly filed with USCIS. Defendants have unreasonably delayed and failed to adjudicate the application for over one year. Plaintiff has no other adequate remedy available

for the harm h e seeks to redress – the failure of USCIS to process his application in a timely manner.

## **PARTIES**

11. Plaintiff Hanyu Hao is a citizen of China and a recent high school graduate who was accepted to the University of New Mexico (UNM) as a university student for the fall 2021 semester.

12. Defendant Alejandro Mayorkas, is the Secretary of the Department of Homeland Security (DHS), and as such is charged by statute with the administration and enforcement of the Immigration and Nationality Act and all other laws relating to the immigration and naturalization of aliens.  He is sued in his official capacity only.

13. Defendant Tracy Renaud is the Acting Director of United States Citizenship and Immigration Services (USCIS) of the DHS and as such is charged with the administration and enforcement of the Immigration and Nationality Act and all other laws relating to the immigration and naturalization of aliens pursuant to a delegation of authority from the Secretary of Homeland Security of the United States under 8 U.S.C. § 1103(a).  She is sued in her official capacity only.

14. United States Citizenship and Immigration Services (USCIS) is an agency of the United States in charge of reviewing and deciding benefit applications including applications for Change of Status such as Plaintiff's.

15. Defendant Merrick Garland is the Attorney General of the United States.  He is charge of the Federal Bureau of Investigations (FBI) which, in turn, is in charge of conducting background checks for applicants for change of status.  He is sued in his official capacity only.

16. Defendant Christopher Wray is the Director of the FBI.  He is the head of the agency in charge of conducting background checks for applicants for change of status.  He is sued in his official capacity only.

17. Defendant FBI is an agency of the United States in charge of conducting background checks for applicants for change of status.

18. Defendants are in charge of the processing and adjudication of applications and related background checks for change of status. They are sued in their official capacity only.

## LEGAL FRAMEWORK

Administrative Procedure Act ("APA"):

19. The APA provides that, "within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). To ensure that agencies comply with that provision, the APA specifies that a reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed." Id. § 706(1).

F-1/F-2 Status:

20. An F-2 child "may engage in a full course of study only by applying for and obtaining a change of status to F-1, M-1 or J-1 nonimmigrant status, as appropriate, before beginning a full course of study." INA 214.2(f)(15)(ii)(A)(2).

Change of Status:

21. Generally, The Secretary of Homeland Security "may authorize a change from any nonimmigrant classification to any other nonimmigrant classification in the case of any alien lawfully admitted to the United States as a nonimmigrant who is continuing to maintain that status and who is not inadmissible under section 212(a)(9)(B)(i) (or whose inadmissibility under

6

such section is waived under section 212(a)(9)(B)(v))" with some exceptions. INA 248(a). Such application is generally made using form I-539.

## FACTUAL AND PROCEDURAL BACKGROUND

22. Plaintiff entered the U.S. in 2018 as an F-2 derivative on his mother's F-1 visa. Plaintiff then attended high school in New Mexico and graduated in 2020.

23. Plaintiff timely filed Form I-539 application for change of status from F-2 to F-1 on June 29, 2020 to allow him to attend university in the U.S. (Exhibit 1).

24. Plaintiff completed his biometrics on the I-539 application on November 17, 2020.

25. Plaintiff was accepted into the University of New Mexico to study full time for the fall 2021 semester. (Exhibit 2). He cannot enroll full time until his change of status application is approved.

26. Plaintiff qualifies for the New Mexico Legislative Lottery Scholarship, which would greatly reduce the cost of tuition, allowing him to pursue his post-secondary education.

27. The New Mexico Legislative Lottery Scholarship provides support to New Mexico high school graduates to enroll full time at any local college or university. Eligibility requires enrolling within 16 months following high school graduation. (Exhibit 3).

28. Without the lottery scholarship, Plaintiff must pay full price out-of-state tuition as an international student, even though he has lived in New Mexico the requisite time to be considered a New Mexico resident.

29. If Plaintiff's timely filed change of status application is not approved immediately, he will lose his eligibility for the scholarship and his chance to enroll full time in university for the fall 2021 semester.

30. Plaintiff timely filed his application over one year ago, and he is being harmed by Defendant's unreasonable delay in adjudicating his application.

31. Plaintiff may miss his opportunity to go to university if his application is further delayed as he will be unable to enroll full time and will have to pay the full cost of out-of-state tuition which will be cost prohibitive for the family.

## CAUSES OF ACTION

### COUNT ONE

### DECLARATORY JUDGMENT

32. The allegations contained in paragraphs 1 through 31 above are repeated and re-alleged as though fully set forth herein.

33. Pursuant to 28 U.S.C. § 2201 et seq. the Court may declare the rights of the parties and such declaration shall have the force and effect of a final judgment or decree.

34. Defendants in this case have failed to reach a decision on Plaintiff's application for change of status.  This failure to act is against the law, has caused, and continues to cause harm to Plaintiff.  Therefore issuance of a declaratory judgment that Defendants' lack of action is against the law and violates the APA is warranted.

### COUNT TWO

### VIOLATION OF 5 U.S.C. §§ 702, 704,706 (APA CLAIMS)

35. The allegations contained in paragraphs 1 through 31 above are repeated and re-alleged as though fully set forth herein.

36. Plaintiff has suffered a "legal wrong" or has been "adversely affected or aggrieved" by agency action. 5 U.S.C. & 702.  Plaintiff is aggrieved by agency action for which there is no other adequate remedy in court.  5 U.S.C. § 704.

37. The inaction is arbitrary, capricious, and exceeds Defendants' statutory authority. 5 U.S.C. § 706(c)(2).  The delays are a violation of the APA which mandates that a decision be made in a timely manner.

## COUNT THREE

## RELIEF UNDER THE MANDAMUS ACT

38. The allegations contained in paragraphs 1 through 31 above are repeated and re-alleged as though fully set forth herein.

39. Plaintiff has a claim for mandamus relief under 28 U.S.C. § 1361 which provides the authority to compel the agency to perform a duty owed to the Plaintiff.  Defendants have failed to properly adjudicate Plaintiff's application for change of status.

40. A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002); *Citizens for Ethics and Responsibility in Wash. v. Cheney*, 593 F. Supp. 2d 194, 219 (D.D.C. 2009); see also *Liu*, 509 F. Supp. 2d at 10 (holding, in mandamus suit alleging unreasonable agency delay, that ""the statutory duty involved [in such cases] … does not specify what course of action shall be taken. Rather, regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"") (quoting *Sierra Club v. Thomas*, 828 F.3d 783, 794 (D.C. Cir. 1987)); *Aslam*, 531 F. Supp. 2d at 743 ("[T]he Court concludes that CIS has a legal obligation to adjudicate Aslam's petition within a reasonable period of time."). The Plaintiff clearly meets all three of these criteria.

41. The Plaintiff has fully complied with all of the statutory and regulatory requirements for seeking change of status, including submission of all necessary forms and supporting documents.

42. The Defendant USCIS has unreasonably failed to adjudicate the Plaintiff's application to change status for over one year, thereby depriving the Plaintiff of this rights under 8 U.S.C. § 1255. Pursuant to 5 U.S.C. §§ 555(b) and 702 (APA), "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency shall proceed to conclude a matter presented to it." (Emphasis added).

43. The Defendants owe the Plaintiff a duty to adjudicate the change of status application, pursuant to the statute and its implementing regulations, and have unreasonably failed to perform that duty. See, e.g., *Northern States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 761 (D.C. Cir. 1997) (issuing writ of mandamus to preclude government defendant "from excusing its own delay" in complying with a clear statutory obligation). The Plaintiff had no alternative means to obtain adjudication of his chnage of status application and his right to issuance of the writ is "clear and indisputable." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988); see also *Power*, 292 F.3d at 784; *Matter of Sealed Case*, 151 F.3d at 1063 (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act and that no other adequate means to attain the relief exist).

44. The Court's intervention is also appropriate because Defendants have failed to act within a reasonable period of time. See, e.g., *Sierra Club*, 828 F.3d at 794 (holding that "regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"); *Northern States Power*, 128 F.3d at 760 ("Given DOE"s repeated attempts

10

to excuse its delay … we find it appropriate to issue a writ of mandamus …."); *Liu*, 509 F. Supp. 2d at 9-10 (holding that the APA requires the government to act within a reasonable period of time). The Plaintiff has already waited more than one year for adjudication of the pending application. This is an unacceptable and unreasonable delay.

45. The Plaintiff is entitled to action on the long-pending change of status application, because an unreasonable amount of time has passed since the application was filed. Defendants have failed to carry out the adjudicative and administrative functions delegated to them by law, to the ongoing harm and prejudice of the Plaintiff.

46. Defendants' delay is without justification and has forced the Plaintiff to resort to this Court for relief, and the Plaintiff is entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2).

## **PRAYER FOR RELIEF**

WHEREFORE, in view of the arguments and authority noted herein, Plaintiff prays that the Court grant the following relief:

A.  Assume jurisdiction over the matter;

B.  Issue a declaratory judgment holding that Defendants' unreasonable delay in adjudicating the change of status application is unlawful and contrary to law.

C.  Order Defendants and those working under them to immediately adjudicate the pending application for change of status.

D.  Award reasonable attorney fees and costs pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412 and pursuant to 42 U.S.C. § 1988(b), and

E.  Grant any and all further relief this Court deems just and proper.

Dated this 28th day of  July 2021.

/s/ Heather Kryzak.

Heather Kryzak
Attorney for Plaintiff
Noble Vrapi
5931 Jefferson St. NE, Suite A
Albuquerque, NM 87109
Phone:  (505) 352-6660
Fax:  (505) 872-6120
heather@noblevrapi.com